1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11   ARCHIE CRANFORD,                           CASE NO. 1:14-cv-01093-MJS (PC)

12                     Plaintiff,               **ORDER (1) DENYING MOTION FOR**
                                                **EXTENSION OF TIME (ECF No. 12), AND**
13          v.                                  **(2) DISMISSING COMPLAINT WITH**
                                                **LEAVE TO AMEND (ECF No. 13)**
14   BRIANDON PRICE, et al.,
                                                **AMENDED COMPLAINT DUE WITHIN**
15                     Defendants.              **THIRTY (30) DAYS**

16

17          Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil

18   rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate

19   Judge jurisdiction. (ECF No. 9.) No other parties have appeared in the action.

20          The Court screened Plaintiff's complaint (ECF No. 1), dismissed it for failure to

21   state a claim, but gave leave to amend. (ECF No. 11.) On September 19, 2014, Plaintiff

22   filed a motion for extension of time to file a first amended complaint (ECF No. 12), and

23   also simultaneously filed a first amended complaint (ECF No. 13). The motion for

24   extension of time is ready for ruling, and the first amended complaint is before the Court

25   for screening.

26
27
28

1   **I.     MOTION FOR EXTENSION OF TIME**

2          Plaintiff requests a ninety day extension of time in which to file his amended

3   complaint due to "security matters" and limited law library access. (ECF No. 12.)

4   However, in light of Plaintiff's simultaneous filing of his amended complaint (ECF No.

5   13), as well as the Court's ruling herein granting Plaintiff further leave to amend, his

6   motion will be denied as moot.

7   **II.    THE COMPLAINT**

8          **A.     Screening Requirement**

9          The Court is required to screen complaints brought by civil detainees seeking

10  relief against a governmental entity or officer or employee of a governmental entity.  28

11  U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the detainee

12  has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon

13  which relief may be granted, or that seek monetary relief from a defendant who is

14  immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or

15  any portion thereof, that may have been paid, the court shall dismiss the case at any

16  time if the court determines that . . . the action or appeal . . . fails to state a claim upon

17  which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

18         **B.     Pleading Standard**

19         Section 1983 "provides a cause of action for the deprivation of any rights,

20  privileges, or immunities secured by the Constitution and laws of the United States."

21  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

22  Section 1983 is not itself a source of substantive rights, but merely provides a method for

23  vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94

24  (1989).

25         To state a claim under § 1983, a plaintiff must allege two essential elements:

26  (1) that a right secured by the Constitution or laws of the United States was violated and

27  (2) that the alleged violation was committed by a person acting under the color of state

28

2

1    law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d

2    1243, 1245 (9th Cir. 1987).

3         A complaint must contain "a short and plain statement of the claim showing that

4    the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

5    are not required, but "[t]hreadbare recitals of the elements of a cause of action,

6    supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

7    662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

8    Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

9    that is plausible on its face." Id. Facial plausibility demands more than the mere

10   possibility that a defendant committed misconduct and, while factual allegations are

11   accepted as true, legal conclusions are not. Id. at 677-78.

12       **C.      Plaintiff's Allegations**

13         Plaintiff is detained at Coalinga State Hospital ("CSH"), where the acts giving rise

14   to his complaint occurred. Plaintiff names the following CSH employees as Defendants:

15   (1) Acting Director Briandon Price, (2) Executive Director Audrey King, (3) Administrative

16   Official Cliff Allenby, (4) Director Jeff Griffin, and (5) Program Director Karen Reed.

17         The amended pleading is difficult to understand. The Court here summarizes

18   Plaintiff's essential allegations as best it can:

19         Plaintiff was assaulted by several patients and employees at CSH. He filed

20   complaints requesting medical care and secured housing, but they were denied. "All

21   Defendants [were] made aware by means of the complaints and yet they permitted the

22   assa[u]lts." Nothing was done about Plaintiff's complaints.

23         Plaintiff seeks money damages.

24       **D.      Analysis**

25          **1.      Failure to Protect**

26         The Fourteenth Amendment provides the standard for evaluating the

27   constitutionally protected interests of individuals who have been involuntarily committed

28

1  to a state facility. Rivera v. Rogers, 224 Fed. Appx. 148, 150–51 (3d Cir. 2007); see

2  Youngberg v. Romeo, 457 U.S. 307, 312 (1982). In determining whether the

3  constitutional rights of an involuntarily committed individual have been violated, the court

4  must balance the individual's liberty interests against the relevant state interests, with

5  deference shown to the judgment exercised by qualified professionals. Youngberg, 457

6  U.S. at 320-22.

7         Plaintiff's right to constitutionally adequate conditions of confinement is protected

8  by the substantive component of the Due Process Clause. Id. at 315. He is "entitled to

9  more considerate treatment and conditions of confinement than criminals whose

10  conditions of confinement are designed to punish," but the Constitution requires only that

11  courts ensure that professional judgment was exercised. Id. at 321–22.

12         A determination of whether Plaintiff's rights were violated requires "balancing of

13  his liberty interests against the relevant state interests." Id. at 321. A "decision, if made

14  by a professional, is presumptively valid; liability may be imposed only when the decision

15  by the professional is such a substantial departure from accepted professional judgment,

16  practice, or standards as to demonstrate that the person responsible actually did not

17  base the decision on such a judgment." Id. at 322–23. The professional judgment

18  standard is an objective standard and it equates "to that required in ordinary tort cases

19  for a finding of conscious indifference amounting to gross negligence." Ammons v.

20  Wash. Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011) (citations and

21  emphasis omitted).

22         Plaintiff implies that Defendants were aware of assaults on him because Plaintiff

23  filed complaints requesting medical care and secured housing. However, such facts are

24  not sufficient to enable the Court to determine what information was contained in the

25  complaints and whether any named Defendant was aware of the complaints. Further, it

26  is unclear whether Plaintiff suffered further assaults after his complaints and is alleging

27  Defendants failed to protect him from such further assault.

28

4

In short, The Complaint does not indicate that Defendants exhibited a conscious indifference amounting to gross negligence. See Ammons, 648 F.3d at 1029.  While Plaintiff has a liberty interest in safe conditions of confinement, Youngberg, 457 U.S. at 315, and care that is professionally acceptable, id.  at 321, his allegations are not sufficient to state a claim under applicable standards.

Plaintiff does not state a claim under the Due Process Clause for failure to protect him from risk of harm. He will be given an opportunity to amend his claim. If he chooses to do so, he should allege facts demonstrating how specific Defendants were indifferent to his safety and thereby caused him harm. Iqbal, 556 U.S. at 678.

### 2.    Medical Indifference

Due process requires that Plaintiff receive medical care that is professionally acceptable. Youngberg, 457 U.S. at 321. Plaintiff alleges that Defendants "fail[ed] to provide adequate medical care." Plaintiff's initial complaint did not contain allegations regarding the adequacy of his medical care. Similarly, the amended pleading does not include facts suggesting Plaintiff was harmed and needed medical care, or that Defendants were aware of a need for care and failed to respond to it. Plaintiff does not demonstrate he suffered any injury from the alleged assault. Nothing suggests Defendants so failed to exercise professional medical judgment as to be considered grossly negligent. See Ammons, 648 F.3d at 1029.

Plaintiff does not state a claim against Defendants under the Due Process Clause for inadequate medical treatment. If Plaintiff chooses to amend, he should state facts showing Defendants' treatment of specified injuries was so deficient as to demonstrate a failure to exercise professional medical judgment.

## V.    CONCLUSION AND ORDER

The First Amended Complaint does not state any cognizable claim.

The Court will provide Plaintiff with **one final** opportunity to file an amended complaint that cures the noted deficiencies. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th

1  Cir. 1987). If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ.

2  P. 8(a), but must state what each named Defendant did that led to the deprivation of

3  Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 677-78. Although

4  accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

5  above the speculative level . . . ." Twombly, 550 U.S. at 555. Further, Plaintiff may not

6  change the nature of this suit by adding new, unrelated claims in his amended

7  complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

8       Finally, an amended complaint supersedes the original complaint, Lacey v.

9  Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself

10  without reference to the prior or superseded pleading," Local Rule 220.

11       Based on the foregoing, it is HEREBY ORDERED that:

12  1.   The Clerk's Office shall send Plaintiff (1) a blank civil rights amended

13       complaint form and (2) a copy of his first amended complaint filed

14       September 19, 2014,

15  2.   Plaintiff's first amended complaint (ECF No. 13) is DISMISSED for failure

16       to state a claim upon which relief may be granted,

17  3.   Plaintiff shall file an amended complaint within thirty (30) days from service

18       of this Order, and

19  4.   If Plaintiff fails to file an amended complaint in compliance with this Order,

20       the action will be dismissed, with prejudice, for failure to state a claim and

21       failure to prosecute.

22
23  IT IS SO ORDERED.

24    Dated:   October 6, 2014          /s/ *Michael J. Seng*

25                                      UNITED STATES MAGISTRATE JUDGE

26
27
28
                                        6