UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>           Plaintiff,<br><br>      v.<br><br>BRIANDON PRICE, et al.,<br><br>           Defendants. | CASE NO. 1:14-cv-01093-MJS (PC)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 17)**<br><br>**CLERK TO TERMINATE MOTIONS AND CLOSE CASE** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 9.) No other parties have appeared in the action.

The Court screened Plaintiff's complaint (ECF No. 1), dismissed it for failure to state a claim, but gave leave to amend. (ECF No. 11.) Plaintiff's first amended complaint (ECF No. 13) also was dismissed with leave to amend (ECF No. 14). Plaintiff sought, and on October 14, 2014 received, a ninety day extension of time to file his second amended complaint. (ECF No. 16.) On October 29, 2014, Plaintiff filed a document entitled "Motion First Ameanded Complaint." (ECF No. 17.)

Although styled as a motion, Plaintiff's October 29, 2014 filing appears to be his second amended complaint, and the Court will construe it as such.

## I. SCREENING REQUIREMENT

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff is detained at Coalinga State Hospital ("CSH"), where the acts giving rise to his complaint occurred. Plaintiff names Briandon Price as Defendant.

Plaintiff's factual allegations, in their entirety, are as follows:

> Plaintiff was assalted by several fellow patients and the plaintiff filed several patients complaints in hopes of receveing some sort of relief plaintiff also wrote to the attorney general also seeking relief in bouuth matters nothing was done plaintiff also requested to be seen by the housing unit doctor of which was granted the doctor acessed plaintiff and discovered a small mouse under plaintiffs right eye

> wh

> where plaintiff had been struck the doctor ordered painr medichion for the mouse and outher boady parts that had been effected but the doctor was the onley staff member to respond in an proper manner

### IV. ANALYSIS

The Fourteenth Amendment provides the standard for evaluating the constitutionally protected interests of individuals who have been involuntarily committed to a state facility. Rivera v. Rogers, 224 Fed. Appx. 148, 150–51 (3d Cir. 2007); see Youngberg v. Romeo, 457 U.S. 307, 312 (1982). In determining whether the constitutional rights of an involuntarily committed individual have been violated, the court must balance the individual's liberty interests against the relevant state interests, with deference shown to the judgment exercised by qualified professionals. Youngberg, 457 U.S. at 320-22.

Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Id. at 315. He is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Id. at 321–22.

Plaintiff's second amended complaint suffers from several deficiencies. First, Plaintiff does not link the only named Defendant, Mr. Price, to his claims. Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Second, Plaintiff does not allege facts to indicate whether Defendant was aware of his complaints regarding the prior assault or his alleged inadequate medical care. He also does not allege whether or how his medical care may have been deficient. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322–23. The professional judgment standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Ammons v. Wash. Dep't of Soc. & Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011) (citations and emphasis omitted).

Finally, it is unclear whether Plaintiff suffered further assaults after his complaints, and thus whether Defendant may be said to have failed to protect Plaintiff from such further assaults. Plaintiff has not alleged facts to show that Defendant was aware Plaintiff was assaulted or at risk for further assaults.

Based on the foregoing, the Complaint does not indicate that Defendant exhibited a conscious indifference amounting to gross negligence. See Ammons, 648 F.3d at 1029.  While Plaintiff has a liberty interest in safe conditions of confinement, Youngberg, 457 U.S. at 315, and care that is professionally acceptable, id. at 321, his allegations are not sufficient to state a claim under applicable standards.

Plaintiff previously was advised of these deficiencies. His failure to cure them reasonably is construed as reflecting his inability to do so. Further leave to amend would be futile and will be denied.

## IV. CONCLUSION AND ORDER

Plaintiff's second amended complaint (ECF No. 17) does not state a claim upon which relief may be granted. Plaintiff was advised in the prior screening orders of deficiencies in his claims and was given the opportunity to correct them. Plaintiff has failed to do so, and no useful purpose would be served in allowing yet another opportunity to amend.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The action is DISMISSED WITH PREJUDICE for failure to state a claim, and
2. Any and all pending motions shall be terminated and the Clerk of the Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:   December 22, 2014           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE